```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-21458-CIV-GOLD
                              MAGISTRATE P. A. WHITE

NATHAN D. BRENNAN,            :

      Plaintiff,              :
                              :        REPORT OF
      vs.                         MAGISTRATE JUDGE
KENNY ATKINSON, et al.,                (DE#20, 26 & 27)
                              :

      Defendants.             :
_____
```

## I. Introduction

The pro-se plaintiff, Nathan D. Brennan, a federal prisoner filed a complaint captioned "A Constitutional Question", in legal effect a <u>Bivens</u> complaint[1].(De#1) The plaintiff seeks a jury trial. He is proceeding <u>in forma pauperis</u>.

A Report was entered recommending dismissal of this complaint for failure to state a claim. The plaintiff has filed an amended complaint (DE#20), and the defendant has filed a Motion to Dismiss (DE#27). These motions have been referred to the Undersigned Magistrate Judge, as well as a motion for judicial review (DE#26).

This civil action is before the Court upon the Defendants' Motion to Dismiss (DE#27), and review of the amended complaint (DE#20).

---

[1] *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

II. <u>Analysis</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. <u>See</u> <u>Fed.R.Civ.P.</u> 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

For reasons discussed in the Preliminary Report, and review of the amended complaint, the Defendant's Motion to Dismiss (DE#27) should be granted.

B.  Factual Allegations

The plaintiff's amended complaint is essentially the same allegations as raised in his initial complaint. He again names Kenny Atkinson, and Eric Holder, in his capacity as Attorney General, and now seeks to add Alberto Gomez, former Attorney General. The plaintiff claimed in his initial complaint that the defendants' custody and administration of sanctions violates the plaintiff's constitutional right, and included a redacted portion of a hearing transcript held in a United States District Court on August 14, 2007, containing argument by counsel as to whether a conviction listed on his Pre-Sentence Investigation Report was un-counseled.

The plaintiff raised essentially this same issue, against these same defendants in Case No. 01-20376-Civ-Altonaga.[2] This case was dismissed for failure to state a claim and procedurally barred by Heck, in a final Order entered by United States District Judge Cecilia Altonaga on April 22, 2010.

The defendants correctly seek dismissal of this amended complaint pursuant to Heck v Humphrey, 512 U.S. 477 (1994), the basis for the Recommendation that the initial complaint be dismissed. Brennan's challenge to his alleged unconstitutional detention is essentially a challenge to his federal conviction, and it not a cognizable claim in a civil rights case. A motion to vacate is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).  If a prisoner brings such claims in a civil rights action, the complaint must be dismissed

---

[2] In that case he did not include the redacted transcript, however, his claims against the defendants were the same.

unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983.

Further, this case should be dismissed based upon the issues of res judicata and collateral estoppel, which precludes the Court from adjudicating a case in which either the same claims or same defendants have been named in a prior case. Baker v General Motors Corp., 522 U.S. 222 N.5 (1999). As stated above, in the final order in case no. 10-20376-Civ-Altonaga, Brennan's challenge to the defendants' authority to maintain custody of the plaintiff and administer sanctions, although difficult to decipher, was dismissed for failure to state a claim, and in so far as he attempted to challenge his conviction, was barred by Heck.

### III. Conclusion

It is therefore recommended as follows:

1. The Defendant's Motion to Dismiss (DE#27) be granted.

2. The amended complaint (DE#20) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, barred by Heck, and dismissed as res judicata.

    3. The motion for Judicial Review (DE#26) be denied as moot.

    Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

    Dated this 16th day of August, 2010.

                                            UNITED STATES MAGISTRATE JUDGE

cc:   Nathan Brennan, Pro Se
      57737-019
      FCI-Miami
      Address of Record

      Carole Fernandez, AUSA
      Office of US Attorney
      Miami, FL
      Address of record