```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-21458-CIV-GOLD
                         MAGISTRATE P. A. WHITE
```

NATHAN D. BRENNAN,              :

      Plaintiff,           :

v.                              :           REPORT
                                    MOTION FOR INJUNCTIVE RELIEF
KENNY ATKINSON, et al.,                    (DE#36)
                                :

      Defendants.          :
_____

    This Cause is before the Court upon the filing of a Motion for Injunctive Relief of Habeas Corpus (DE#36), filed by pro-se plaintiff, Nathan D. Brennan. Brennan is a federal prisoner, confined at the Federal Detention Center in Miami, who claims he is being imprisoned unlawfully and is seeking release.

    The history of this case is as follows: the plaintiff filed a <u>Bivens</u> complaint[1].(De#1) A Report was entered recommending dismissal of this complaint for failure to state a claim. The plaintiff filed an amended complaint (DE#20), and the defendants filed a Motion to Dismiss (DE#27). These motions were referred to the Undersigned Magistrate Judge. A Report was entered recommending that the motion to dismiss be granted, and this case be closed.

    The plaintiff claims that the defendants' custody and administration of sanctions violates his constitutional rights, and he included with his complaint, a redacted portion of a hearing

---

[1] *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

transcript held in a United States District Court on August 14, 2007, containing argument by counsel as to whether a conviction listed on his Pre-Sentence Investigation Report was un-counseled.

The Report recommended granting the defendants' motion to dismiss the amended complaint pursuant to Heck v Humphrey, 512 U.S. 477 (1994), the basis for the Recommendation that the initial complaint be dismissed. Brennan's challenge to his alleged unconstitutional detention is essentially a challenge to his federal conviction, and it not a cognizable claim in a civil rights case. A motion to vacate is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).  If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983.

A motion to vacate is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).  If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). <u>Heck</u> applies both to actions for monetary damages and for injunctive relief. <u>Wilkinson v Dotson</u> 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in <u>Heck</u>, his claims are not cognizable under §1983.

The plaintiff raised essentially this same issue, against these same defendants in Case No. 10-20376-Civ-Altonaga.[2] This case was dismissed for failure to state a claim and procedurally barred by <u>Heck</u>, in a final Order entered by United States District Judge Cecilia Altonaga on April 22, 2010.

It was therefore, further recommended that this case be dismissed based upon the issues of <u>res judicata</u> and collateral estoppel, which precludes the Court from adjudicating a case in which either the same claims or same defendants have been named in a prior case. <u>Baker v General Motors Corp</u>., 522 U.S. 222 N.5 (1999).

<u>The Motion for Inunctive Relief</u> (DE#36)

The plaintiff has now filed a motion for injunctive relief stating he is being held in custody in violation of his constitutional rights.[3]

Injunctive Relief is an extraordinary remedy.  The standard for

---

[2] In that case he did not include the redacted transcript, however, his claims against the defendants were the same.

[3] He filed a motion claiming actual innocence, but then sought to withdraw the motion.

3

issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. See California v. American Stores Company, et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

As demonstrated by the case history above, the plaintiff has failed to demonstrate any of the required requisites as listed above. As stated in the Reports and Recommendations of the Undersigned, the plaintiff's recourse to seek release from his "unlawful incarceration" is the filing of a motion to vacate pursuant to 28 U.S.C. §2255 in the proper venue.[4]

### Conclusion

It is therefore recommended that the plaintiff's motion for Injunctive Relief (DE#36) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

---

[4] The plaintiff was not convicted in this Court and it is unclear whether the filing of a 2255 motion would be successive.

Dated this 15th day of October, 2010.

                                                  UNITED STATES MAGISTRATE JUDGE

cc:   Nathan Brennan, <u>Pro Se</u>
       57737-019
       FCI-Miami
       Address of Record

       Carole Fernandez, AUSA
       Office of US Attorney
       Miami, FL
       Address of record