UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21458-CIV-GOLD/WHITE

NATHAN D. BRENNAN,

    Plaintiff,

v.

KENNY ATKINSON, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER AFFIRMING AND ADOPTING REPORTS AND RECOMMENDATIONS [ECF Nos. 32; 56]; GRANTING MOTION TO DISMISS [ECF No. 27]; DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF OF HABEAS CORPUS [ECF No. 56]; CLOSING CASE

THIS CAUSE is before the Court upon two Reports and Recommendations from Magistrate Judge Patrick A. White ("Reports") **[ECF Nos. 32, 56]**. The first Report recommends that I grant Defendants Kenny Atkinson, *et al.*'s ("Defendants") Motion to Dismiss **[ECF No. 27]**, dismiss Plaintiff's Amended Complaint, and deny Plaintiff's Motion for Judicial Review **[ECF No. 26]** as moot. **[ECF No. 32]**. The second Report recommends that I deny Plaintiff's Motion for Injunctive Relief of Habeas Corpus **[ECF No. 36]**. **[ECF No. 56]**. Plaintiff filed objections to both Reports ("Objections") **[ECF Nos. 35, 66]**. Having considered the Reports, Objections, record, and applicable law, I ADOPT and AFFIRM both Reports for the reasons set forth below.

I.      **Background**

*Pro se* Plaintiff Nathan D. Brennan ("Plaintiff") filed an Amended Complaint on a *Bivens* action,[1] alleging that he was illegally held in custody as a result of violations of his constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments **[ECF No. 20]**. Judge White previously issued a report on May 12, 2010 recommending dismissal of Plaintiff's original complaint **[ECF No. 6]**. Subsequently, Plaintiff filed objections to the report **[ECF No. 10]** and a motion to amend his complaint **[ECF No. 9]**. I granted the motion to amend, and requested that Judge White issue a report and recommendation on the Amended Complaint, which is now before the Court. **[ECF No. 17]**.

On September 9, 2010, Plaintiff filed a Motion for Injunctive Relief of Habeas Corpus ("Motion for Injunctive Relief") **[ECF No. 36]** pursuant to 28 U.S.C. § 2241. Plaintiff alleges that he is being held in custody in violation of his constitutional rights.[2] *Id.* at p. 3. Plaintiff claims that one of his prior state criminal convictions[2] in Georgia was improperly admitted as evidence into federal court because it was evident from the face of the record that he was not offered counsel nor did he waive his right to counsel at the state criminal trial. **[ECF No. 20, pp. 5-6]**.

---

[1] *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971).

[2] Plaintiff argued he was "actually innocent" in the Motion for Injunctive Relief **[ECF No. 36 ¶ 2(n)]**, but subsequently sought to withdraw the claim from the Motion. **[ECF No. 46]**. Judge White granted Plaintiff's Motion to Withdraw "Actual Innocence" Claim. **[ECF No. 53]**.

[2] It is unclear from the face of Plaintiff's Amended Complaint which prior state criminal convictions he is referring to, as there are two offenses are listed—theft by receiving and no proof of insurance. **[ECF No. 36, Ex. B]**.

Defendants Kenny Atkinson, a warden at the Federal Correctional Institute where Plaintiff is in custody, and Eric Holder, Attorney General of the United States, (collectively "Defendants") filed a Response to Plaintiff's Motion for Injunctive Relief of Habeas Corpus ("Response") **[ECF No. 43]**. Defendants note that Plaintiff's Motion for Injunctive Relief is based on the same allegations raised in Plaintiff's Amended Complaint and seeks injunctive relief under the Administrative Procedures Act ("APA") in challenging his federal conviction. *Id.* at pp. 1-2.

II.   **Motion to dismiss**

   A.   **Failure to state a claim**

Judge White recommends that Defendant's motion to dismiss be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim upon which relief may be granted. **[ECF No. 32, pp. 2, 4]**. In his Amended Complaint, Plaintiff fails to meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, which require a complaint to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Plaintiff merely alleges that he is entitled to relief because he is being deprived of his rights guaranteed under the Constitution on the face of the record, which includes a partially redacted transcript from a trial attached to the complaint.[3] *See* **[ECF No. 20, pp. 8-9]**.

Plaintiff's Amended Complaint is not plausible on its face because it does not plead sufficient facts in order to provide Defendants fair notice of the claim or the

---

[3]Although it is unclear which trial the transcript is from, it appears it is from Plaintiff's 1997 trial in the United States District Court Northern District of Georgia in which the Plaintiff plead guilty to 18 U.S.C. § 371 (conspiracy to defraud the United States) and 18 U.S.C. § 1344 (bank fraud) because that is the conviction Plaintiff is appealing. *See* **[ECF No. 35, Ex. C]**.

ground upon which it rests. For example, Plaintiff claims he suffers from an injury because the "face of the record" shows he was neither offered nor waived his right to counsel. **[ECF No. 20 ¶¶ 2, 5, 6, 7]**. However, Plaintiff does not plead any facts regarding this allegation and only cites to three pages of a hearing transcript, much of which is redacted. The court in the incomplete transcript merely questions whether Plaintiff had attorney representation in a state court criminal proceeding and whether the government is able to meet the burden to prove that Plaintiff's prior conviction was obtained constitutionally. See **[ECF No. 20, pp. 14-17]**. These portions of the transcript, taken out of context, are not sufficient facts to give Defendants fair notice of the ground upon which Plaintiff's claim rests.

### B.   Dismissal pursuant to *Heck v. Humphrey*

The Report further explains that Plaintiff's Amended Complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). **[ECF No. 32, pp. 3-4]**; see *Heck, supra*, 512 U.S. at 486-87. In *Heck*, the Supreme Court held that a claim for damages for an allegedly unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would imply its invalidity. *Id.* at 486. The exception is where the plaintiff proves that "the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of *habeas corpus*." *Id.* at 487.

Challenges pursuant to section 1983 and *Bivens* are similar. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). A section 1983 action "challenges the constitutionality of the actions of state officials," while a *Bivens* action "challenges the

constitutionality of the actions of federal officials." *Id.* The Eleventh Circuit held in *Abella* that the *Heck* rule applies to *Bivens* damages claims. *Id.*

Here, Plaintiff seeks damages for the alleged invalidity of his federal conviction in a *Bivens* suit. Like the allegations at issue in *Heck*, Plaintiff's claim is not cognizable because Plaintiff has failed to prove that his conviction has been reversed, expunged, declared invalid, or called into question by a writ of *habeas corpus*. The correct means to challenge a prisoner's confinement is through a petition for writ of *habeas corpus*.[5] *Presser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (respondent cannot evade the requirements of habeas relief simply by labeling his action as one under section1983).

### C.  *Res judicata* and collateral estoppel

The Report identifies a further basis for dismissal based upon *res judicata* and collateral estoppel to preclude the Court from adjudicating a case in which either the same claims or same defendants have been named in a prior case. *See Baker v. General Motors Corp.*, 522 U.S. 222, 233 n. 5 (1999). Plaintiff previously challenged Defendant's authority to maintain custody of Plaintiff due to an illegal conviction in Case No. 10-20376-CIV-Altonaga. Judge Altonaga dismissed Plaintiff's case with prejudice on April 16, 2010 because Plaintiff's claims were not ripe for review as he did not demonstrate that his conviction was invalidated. **[Case No. 10-20376, ECF No. 32]**.

### III.  Motion for injunctive relief

---

[5]Subsequent to the issuance of Judge White's Report on Defendants' Motion to Dismiss, Plaintiff filed a Motion for Injunctive Relief of Habeas Corpus on September 9, 2010. **[ECF No. 36]**. Judge White recommended that the Motion for Injunctive Relief be denied on October 15, 2010. **[ECF No. 56, p. 4]**; *see infra* § III.

I interpret Plaintiff's Motion for Injunctive Relief of Habeas Corpus as seeking a preliminary injunction. The entry of a preliminary injunction is appropriate "only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

In considering Plaintiff's Motion, I recognize that "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites." *Siegel, supra*, 234 F.3d at 1176 (quotations and citations omitted); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)[3] (grant of preliminary injunction "is the exception rather than the rule," and moving party must clearly carry the burden of persuasion).

Plaintiff has failed to demonstrate the prerequisites for a preliminary injunction. In Plaintiff's Objections, Plaintiff claims entitlement to some form of relief pursuant to the Administrative Procedures Act ("APA") because Defendant is performing a "final agency action" by holding Plaintiff in custody pursuant to a court order.[4] **[ECF No. 35, pp. 3-6]**. Defendant Atkinson is a warden at the Federal Correctional Institute in Miami where

---

[3] All cases decided by the United States Court of Appeals for the Fifth Circuit before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[4] Plaintiff alleged that he was entitled to relief on a *Bivens* action on the same grounds in his Objection to Judge White's Report and Recommendations on September 7, 2010. **[ECF No. 35, pp.3-6]**

6

Plaintiff is in custody, which is under the supervision of the Federal Bureau of Prisons, an agency of the U.S. Department of Justice. However, the APA is not applicable here because Plaintiff was adjudged guilty in a federal court. *See* **[ECF No. 35, Ex. C]**. A federal court is not subject to the provisions of the APA because it is not considered an agency under 5 U.S.C. § 701(b)(1), which specifically excludes courts of the United States from the definition of "agency." *See* 5 U.S.C. § 701(b)(1)(B). Therefore, adjudications in federal court, like Plaintiff's instant case, cannot be challenged under the APA and must be objected to through other means. In addition, Plaintiff challenges his conviction in the Objections based on the "same precepts, case law, and conditions" Plaintiff raised in his Amended Complaint. **[ECF No. 35, pp. 2-4]**. For the reasons set forth in the Report and explained *supra*, Plaintiff cannot challenge his conviction under a civil rights claim.

In addition, Plaintiff failed to establish a substantial likelihood of success on the merits. Like Plaintiff's Amended Complaint, Plaintiff claims he is entitled to injunctive relief because the face of the record demonstrates that he was neither offered nor waived his right to counsel. However, Plaintiff does not offer any facts regarding this allegation. Plaintiff refers to a 1996 document from the State of Georgia listing two offenses. **[ECF No. 36, Ex. B]**. Portions of the document are circled, including an empty space where the defense attorney would be listed and an area where notes about the proceedings are listed, which Plaintiff claims demonstrates that he did not have an attorney present and he did not waive his right to counsel. Plaintiff only claims that he is currently suffering from an injury to his liberty by being held in custody in violation of the constitution. Plaintiff did not plead that an irreparable injury was likely to

occur if the injunction was denied, which is insufficient to grant a preliminary injunction under the second prerequisite. Plaintiff neglected to set forth any facts or argument to assert that his alleged injury of unlawful incarceration overrides any harm Defendants may suffer if the injunction is granted. Finally, Plaintiff did not demonstrate that the injunction would not be adverse to the public interest.

To the extent Plaintiff raises a new argument in his Objections to the Report **[ECF No. 66]**, I find no merit in this claim. Plaintiff argues that Defendants failed to abide by their duty to avoid any actions creating the appearance of impropriety, and where impropriety is discovered, federal officers have a duty to disclose such impropriety to the appropriate authorities. See **[ECF No. 66, p. 3]**. Plaintiff alleges that a Male Custody Classification Form proves that Defendants were engaged in impropriety because an undisclosed federal officer made independent determinations regarding the conditions for administrating custody of Plaintiff. **[ECF No. 66, p. 1]**. However, this mere allegation does not suffice to demonstrate that Defendants were involved in acts of impropriety as Plaintiff claims. Rather, the exhibits that Plaintiff claims support his argument appear to be administrative documents regarding Plaintiff's criminal history and prior offenses. Accordingly, Plaintiff's Motion for Injunctive Relief **[ECF No. 36]** must be denied. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

1. Magistrate Judge White's Report **[ECF No. 32]** is ADOPTED AND AFFIRMED.
2. Defendant's Motion to Dismiss **[ECF No. 27]** is GRANTED.
3. Plaintiff's Motion for Judicial Review **[ECF No. 26]** is DENIED AS MOOT.
4. Magistrate Judge White's Report **[ECF No. 55]** is ADOPTED AND AFFIRMED.

5.  Plaintiff's Motion for Injunctive Relief **[ECF No. 36]** is DENIED.

6.  All pending motions are DENIED AS MOOT and all other upcoming hearings are CANCELLED.

7.  This case is CLOSED.

DONE AND ORDERED in Chambers in Miami, Florida, this ___6___ day of December, 2010.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge Patrick A. White
All Counsel of Record

Nathan Brennan
Reg. No. 57737-019
FCI-Miami, Unit C
15801 S.W. 137 Avenue
P.O. Box 779800
Miami, FL 33177
**[Sent from Chambers via U.S. Mail]**